JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee, Isabel Bermundez' motion to suppress. Finding no error in the proceedings below, we affirm.
 {¶ 2} Bermundez was charged with one count of possession of drugs in violation of R.C. 2925.11. Bermundez filed a motion to suppress, challenging the investigatory stop of Bermundez.
 {¶ 3} At the motion to suppress hearing, Officer James Brill of the Cleveland Police Department testified that prior to 7:00 p.m. on November 16, 2005, he and his partner were patrolling the area of West 96th Street and Madison Avenue. They noticed Bermundez and a male were talking at the corner. The officers continued with their patrol, and when they subsequently passed Bermundez and the male again, the officers noted that "they had not made any progress going in one direction or another." On the third pass, after the two had been on the corner for approximately forty-five minutes, the officers noticed that the male appeared drunk. Because this was a high crime area, the officers stopped to investigate. The male, Anthony Clark, smelled of alcohol, and he was issued a citation for public intoxication. The officers conducted a warrant check on Clark and found no warrants. He was released on the scene. Meanwhile, the officers conducted a warrant check on Bermundez and found that she had an outstanding warrant. She *Page 4 
was placed under arrest and transported to the station. At the station, while doing an inventory search, crack cocaine was found in her jacket pocket.
 {¶ 4} The trial court suppressed the evidence, finding that the officers did not have reasonable articulable suspicion to run a warrant check on Bermundez. The state appealed, advancing one assignment of error for our review, which states the following:
 {¶ 5} "The trial court erred by finding that the officer did not ascertain reasonably articulable facts giving rise to a suspicion of criminal activity."
 {¶ 6} The Ohio Supreme Court enunciated the standard of review of a motion to suppress in State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71.
 "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.
 "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Citations omitted.)"
 {¶ 7} We therefore must consider whether the facts in the instant case demonstrate compliance with Terry v. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868, under a de novo review. In Terry, the Supreme Court of the United States stated that "the police officer must be able to point to specific and articulable facts which, *Page 5 
taken together with rational inferences from those facts, reasonably warrants that intrusion."
 {¶ 8} In State v. Barrow (Dec. 17, 1987), Cuyahoga App. No. 53140, two officers observed the defendant and another man leaning in the open doors of a car with a back window that had been smashed. Suspecting that the car had been stolen, the officers detained them. A check revealed that the car was not stolen. The officers then ran warrant checks on the men. This court stated that "the initial stop was proper but the officer that ran the warrant check said he had no reason to hold them and they had committed no crime in his presence but they were not free to go. The officers failed to tell the trial court the articulable and reasonable suspicion which justified the further detention." Id.
 {¶ 9} In State v. McDowell (Oct. 6, 2000), Ashland App. No. 99COA01328, the officer believed that a wanted drug dealer was in a certain car. The officer wanted to stop the car to execute a bench warrant. The car stopped at a convenience store, and the officer realized the dealer was not in the car. Nevertheless, the officer got out and told the driver and the passenger to remain in the car while he checked for outstanding warrants. The court determined that "once Sgt. Bammann determined the passenger in the Cadillac was not [the drug dealer], he had no reasonable, articulable facts or suspicion of criminal activity to justify appellant's continued detention. * * * By detaining appellant after it was determined he was not [the drug dealer], the scope and duration of the investigatory stop lasted *Page 6 
longer than was necessary `to effectuate the purpose for which the initial stop was made.'" Id., quoting State v. Bevan (1992),80 Ohio App.3d 126, 129.
 {¶ 10} In the instant case, the officers stopped Clark and Bermundez to investigate why they had been on the corner together for almost forty-five minutes. Prior to stopping them, the officers noted that Clark appeared to be drunk. Again, Clark was issued a citation for public intoxication and he was checked for outstanding warrants. At the same time, Bermundez was detained for twenty to thirty minutes while the officers checked to see if she had any outstanding warrants. On the witness stand, Officer Brill could not articulate any actions by Bermundez that indicated she was involved in any criminal activity. Bermundez was simply on the street corner talking with an intoxicated male. Nevertheless, the officers checked Bermundez for outstanding warrants.
 {¶ 11} We find that the evidence was properly suppressed because Officer Brill failed to articulate facts that, taken together with rational inferences from those facts, reasonably warranted the initial intrusion as it pertains to Bermundez. Accordingly, the state's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of *Page 7 
this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1