DECISION.
{¶ 1} The city of Cincinnati appeals the trial court's decision granting Benjamin Stringer's motion to suppress. We affirm.
 {¶ 2} After a traffic stop, Stringer was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19A(1)(a), and operating a motor vehicle with a defective light, in violation of Cincinnati Municipal Code 503-1. Stringer moved to suppress the state's evidence, claiming that the traffic stop was unlawful and that the arrest was not supported by probable cause.
 {¶ 3} At the suppression hearing, Cincinnati Police Officer Vincent George testified that he effected a warrantless stop of Stringer because the yellow cover on the top portion of Stringer's left taillight was cracked, emitting a white light, and because George believed this to be a violation of Cincinnati Municipal Code 503-1. George also relayed that he had first noticed the vehicle as it came to a screeching stop for a red light and slid a nonspecified distance towards a construction fence along the street. After noticing Stringer, George followed him for five blocks and did not see any moving violations or erratic driving. George then noticed the cracked taillight cover and pulled Stringer over.
 {¶ 4} George testified that he became suspicious that Stringer was impaired because when he had approached Stringer, he noticed a strong odor of alcohol and Stringer admitted to consuming some alcohol. Stringer agreed to perform field sobriety tests, although he told George that he had a physical problem that could interfere with the tests. George subsequently arrested Stringer and charged him with driving under the influence offense and the equipment-violation offense.
 {¶ 5} After hearing George's testimony, the trial court granted Stringer's motion to suppress. The court found that George had stopped Stringer for the equipment violation under Cincinnati Municipal Code 503-1 and that this was not a sufficient basis *Page 3 
for the stop where the vehicle had at least one working taillight, and George did not testify that the condition of the cracked taillight created an unsafe condition.
 {¶ 6} In its sole assignment of error, the city now argues that the trial court erred when it found that there was no probable cause to arrest Stringer. We do not address the issue of probable cause to arrest because the trial court held that the warrantless stop was unreasonable and granted the motion to suppress on that basis. Upon review, we find no error in the trial court's determination that the stop was unreasonable.
 {¶ 7} Appellate review of a motion to suppress presents a mixed question of law and fact.[1] In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses.[2] Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence.[3] Relying on the trial court's properly supported factual findings, we then must review de novo whether the trial court applied the appropriate legal standard.[4]
 {¶ 8} A traffic stop is reasonable for Fourth Amendment purposes if the police officer has probable cause to believe that a driver is violating an applicable traffic or equipment regulation.[5] Probable cause can exist even if the officer misunderstands the law that the driver is allegedly violating.[6] The test is whether an objectively reasonable police officer would believe that a traffic or equipment violation has occurred based upon the totality of the circumstances.[7]
 {¶ 9} In this case, Officer George testified that he believed Stringer's vehicle to be in violation of Cincinnati Municipal Code 503-1. This ordinance requires a vehicle to be *Page 4 
equipped with at least one taillight emitting a red light and with sufficient lighting to illuminate the rear registration plate. The ordinance did not criminalize the small defect found in Stringer's left taillight cover and could not reasonably have been interpreted to do so.[8] Thus, we agree with the trial court's determination that the traffic stop could not have been justified based upon probable cause that a violation of Cincinnati Municipal Code 503-1 had occurred.
 {¶ 10} Moreover, George's testimony was insufficient to establish a reasonable suspicion, based upon specific and articulable facts, that Stringer was engaged in criminal activity or that the vehicle was in violation of the law. Cincinnati Municipal Code 503-1 did not apply, and the city did not present sufficient facts that would otherwise have justified the warrantless stop.[9] The articulable and reasonable suspicion cannot be based on facts obtained after the initial stop.9 Under these circumstances, the trial court did not err in granting Stringer's motion to suppress.
 {¶ 11} Accordingly, we overrule the assignment of error and affirm the trial court's judgment.
Judgment affirmed.
PAINTER, P.J., and HENDON, J., concur.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at ¶ 8.
[2] Id.
[3] Id.
[4] Id.
[5] Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769;State v. Leonard, 1st Dist. No. C-060595, 2007-Ohio-3312, at ¶ 9.
[6] Leonard, supra.
[7] Id. at ¶ 14.
[8] See, generally, State v. Delemos (2000), 140 Ohio App.3d 512,515-516, 748 N.E.2d 129, and State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726 (holding that an officer's observation of a defect in only one taillight did not provide sufficient basis to stop vehicle for violation of R.C. 4513.05, an equipment regulation similar to Cincinnati Municipal Code 503-1).
[9] See State v. Freeman (1980), 64 Ohio St.2d 291, 294,414 N.E.2d 1044, citing Terry v. Ohio(1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868. *Page 1