[Cite as *State v. Slaughter*, 2018-Ohio-105.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170110 |
|  |  | C-170111 |
| Plaintiff-Appellee, | : | C-170112 |
|  |  | TRIAL NOS. 16TRC-37026A |
| vs. | : | 16TRC-37026B |
|  |  | 16TRC-37026C |
| TYRONE SLAUGHTER, | : |  |
| Defendant-Appellant. | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-170110 and C-170112; Appeal
Dismissed in C-170111

Date of Judgment Entry on Appeal: January 12, 2018

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}    Defendant-appellant Tyrone Slaughter appeals his convictions, following his no-contest pleas, for operating a vehicle with a prohibited breath-alcohol content and a marked-lanes violation.  In this appeal, he argues that the trial court erred by overruling his motion to suppress evidence on the basis that an Ohio State Highway Patrol trooper lacked probable cause or a reasonable and articulable suspicion to stop his vehicle for a marked-lanes violation.

{¶2}    The trial court based its decision to overrule the motion on a second marked-lanes violation that it noted after viewing a video recording taken from the trooper's cruiser camera.  But the trooper testified he had not seen that violation.  Since the trooper's unrebutted testimony was that he had witnessed a prior marked-lanes violation, and that testimony was not inconsistent with the video recording of the traffic stop, the trooper had reasonable and articulable suspicion to stop Slaughter's vehicle.  We, thus, affirm the trial court's judgments albeit for reasons other than those stated by the trial court.

### Trial Court Proceedings

{¶3}    Slaughter was charged with operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), having a prohibited breath-alcohol content under R.C. 4511.19(A)(1)(d), and crossing marked lanes in violation of R.C. 4511.33.  Slaughter filed a motion to suppress all the evidence against him on the basis that the officer lacked reasonable articulable suspicion or probable cause to stop his vehicle.

{¶4}    At the suppression hearing, Slaughter stipulated that he had been arrested without a warrant.  Trooper Alex Burnett testified that he was in a uniform and in a marked cruiser on patrol on North Bend Road when he observed a Nissan

Altima ahead of him traveling out of its lane. He testified the vehicle was in the left lane and it traveled to the right approximately one to two feet. He sped up to catch the vehicle and signaled to the driver to pull over. He then came into contact with Slaughter, who was driving the vehicle. After administering field-sobriety tests, he arrested Slaughter for OVI.

{¶5} The video from Trooper Burnett's cruiser camera was admitted into evidence and played during the suppression hearing. As the video was playing, defense counsel questioned Trooper Burnett about the basis for the traffic stop. The video showed a vehicle ahead of Trooper Burnett that turned right onto one of the north-south streets. Trooper Burnett testified that while it was difficult to see on the video, he had then followed a red Nissan Altima. He saw the marked-lanes violation and sped up to stop the vehicle. The video showed that Slaughter had committed a second marked-lanes violation near the intersection of North Bend Road and Hamilton Avenue when he had driven his vehicle partly into the left-turn lane and then back into the adjoining lane, before proceeding straight through the traffic light. Trooper Burnett testified, however, that he had not seen that marked-lanes violation.

{¶6} On cross-examination, Trooper Burnett testified that even though he was 100-110 meters behind Slaughter's vehicle, he had a clear and unobstructed view of the marked-lanes violation. He acknowledged it was difficult to see this violation on the video because "the blur from the traffic lights and the headlights of the other vehicles had blurred out some of the violation."

{¶7} The trial court overruled the motion to suppress. It found that Trooper Burnett had probable cause to stop Slaughter based on the second marked-lanes violation depicted on the video. Shortly thereafter, Slaughter pled no contest to OVI with a prohibited concentration of alcohol and the marked-lanes violation. The

trial court accepted the pleas and found Slaughter guilty. It dismissed the remaining OVI charge.

{¶8} In a single assignment of error, Slaughter argues the trial court erred in overruling his motion to suppress.

{¶9} Appellate review of a motion to suppress presents a mixed question of fact and law. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The trial court, acting as the trier of fact, is in the best position to resolve factual questions and evaluate witness credibility. *Id.* Therefore, an appellate court must accept a trial court's findings of historical fact if they are supported by competent, credible evidence, but it reviews de novo the trial court's application of the law to the facts. *See id.*; *see also State v. Sweeten,* 1st Dist. Hamilton No. C-150583, 2016-Ohio-5828, ¶ 8.

{¶10} A traffic stop initiated by a police officer constitutes a seizure within the meaning of the Fourth Amendment. Thus, any seizure must comply with the Fourth Amendment's reasonableness requirement. *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). A police officer's decision to stop an automobile is reasonable where the officer has probable cause to believe that a traffic violation has occurred. *Id. Accord Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996). Probable cause is a complete justification for a traffic stop. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23; *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, ¶ 11.

{¶11} Probable cause, however, is not required to justify a traffic stop. *Mays* at ¶ 23. A traffic stop may be based on less than probable cause when an officer possesses reasonable suspicion that a driver has committed, or is committing

a crime, including a minor traffic violation. *Id.* at ¶ 7-8. To justify a traffic stop based on reasonable articulable suspicion, the officer must be able to articulate specific facts that would warrant a person of reasonable caution to believe that the driver has committed, or is committing, a crime, including a minor traffic violation. *Id.* at ¶ 8 and 12. Probable cause is a stricter standard than reasonable and articulable suspicion and subsumes reasonable and articulable suspicion. *Id.* at ¶ 23, citing *State v. Evans*, 67 Ohio St.3d 405, 411, 618 N.E.2d 162 (1993). Accordingly, an officer who witnesses a traffic violation possesses probable cause, and a reasonable articulable suspicion to conduct a traffic stop. *Mays* at ¶ 23-24.

{¶12} In determining whether an officer possesses probable cause or a reasonable articulable suspicion to stop a vehicle, the court must examine the totality of the circumstances. *Id.* at ¶ 7. "[T]he existence of probable cause [or reasonable and articulable suspicion] depends on whether an objectively reasonable police officer would believe that [the driver's] conduct * * * constituted a traffic violation, based on the totality of the circumstances known to the officer at the time of the stop." *Bowling Green,* 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, at ¶ 16.

{¶13} Here, the record reflects that Trooper Burnett testified that he had stopped Slaughter's vehicle because he had observed Slaughter's vehicle, which was ahead of him in the left lane, travel out of that lane and into the right lane approximately one to two feet. Trooper Burnett testified that he then sped up to catch Slaughter's vehicle. He testified that it was difficult to see this marked-lanes violation on the video because the traffic lights and the headlights of the other vehicles had blurred out some of the violation.

{¶14} The video showed Slaughter had committed a second marked-lanes violation when his vehicle traveled out of the left-turn lane into the adjoining lane

and then drove straight through a traffic light. Trooper Burnett testified, however, that this was not the marked-lanes violation that he had seen. Rather, he had stopped Slaughter's vehicle based solely on his observation of the first marked-lanes violation.

{¶15} The trial court's legal conclusion that the second marked-lanes violation provided the trooper with probable cause to stop Slaughter's vehicle is erroneous given that the trooper expressly denied observing this second marked-lanes violation. However, we cannot conclude the trial court erred in overruling the motion to suppress, because the trooper's unrebutted testimony that he had personally observed a prior marked-lanes violation was sufficient to provide him with reasonable articulable suspicion to stop Slaughter's vehicle. *See State v. Lopez,* 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, ¶ 14 (1st Dist.); *State v. Shisler*, 1st Dist. Hamilton Nos. C-050860, C-050861, C-050878 and C-050879, 2006-Ohio-5265, ¶ 7; *State v. Burwell*, 3d Dist. Putnam No. 12-09-06, 2010-Ohio-1087, ¶ 14.

{¶16} Slaughter argues that this court cannot rely on the trooper's testimony because the trial court chose not to rely on the trooper's testimony when overruling the motion to suppress. Thus, he contends, the trial court must have found the trooper's testimony lacking in credibility. We disagree. The trial court did not expressly address the credibility of the trooper's testimony. Our review of the record reveals that the trooper's testimony conforms to the video of the traffic stop, which reflects that the trooper's vehicle was 100-110 meters behind another vehicle and that the glare of oncoming headlights blurred out the violation. The trooper's vehicle accelerated and he initiated the traffic stop. Because the trooper's testimony that he had observed Slaughter's vehicle, which was in the left lane, travel out of that

lane and into the right lane is not inconsistent with the video, it was sufficient to establish a reasonable suspicion, based on articulable facts, that Slaughter's vehicle had been operated in violation of the law. *See Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, at ¶ 24; *State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331, ¶ 50 (7th Dist.). Under these circumstances, the trial court did not err in overruling Slaughter's motion to suppress.

{¶17}   We, therefore, overrule Slaughter's sole assignment of error and affirm the judgments of the trial court in the appeals numbered C-170110 and C-170112. We dismiss the appeal numbered C-170111, which was taken from the trial court's judgment dismissing the R.C. 4511.191(A)(1)(a) charge.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **ZAYAS, J.,** concur.

Please note:
The court has recorded its own entry this date.

7