[Cite as *State v. Brown*, 2020-Ohio-896.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190186 |
| | | TRIAL NO. B-1804889 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TERRANCE BROWN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 11, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Thomas D. Molony Co., L.P.A.,* and *Thomas D. Molony,* for Defendant-Appellee.

**CROUSE, Judge.**

{¶1} The state of Ohio appeals from the trial court's grant of defendant-appellee Terrance Brown's motion to suppress. For the reasons set forth below, we affirm the trial court's judgment.

### Facts and Procedure

{¶2} On August 29, 2018, a Hamilton County Grand Jury indicted defendant-appellee Terrance Brown for one count of having weapons while under a disability, one count of carrying a concealed weapon, and one count of improperly handling firearms in a motor vehicle. The charges against Brown stemmed from the discovery of firearms in his vehicle during a traffic stop for an obstructed temporary license placard. Brown filed a motion to suppress, challenging the constitutionality of the initial traffic stop. The following evidence was presented at the suppression hearing.

{¶3} At approximately 5:20 p.m. on August 21, 2018, Officer Pat Kemper, a police officer with the Springfield Township Police Department, observed Brown's vehicle traveling westbound on Northbend Road. Kemper pulled out behind the vehicle to read the temporary license plate and run it through the database.

{¶4} Kemper testified that he attempted to read Brown's temporary license plate when he reached a "normal following distance, two to three car lengths[.]" However, Kemper testified that he was unable to read the plate because "it had a tinted license plate cover." Kemper tried to read the temporary plate for "a couple hundred yards." Eventually, Kemper stopped "directly behind" Brown's vehicle at a traffic light. From that distance, "the license plate was clearly visible." Kemper ran the plate and received his return. The return showed that Brown's vehicle was properly registered and that Brown had no warrants.

2

{¶5} Kemper subsequently initiated a traffic stop based on his belief that the tinted license plate cover "obstructed" Brown's temporary license placard in violation of R.C. 4503.21. According to Kemper, he believed a violation of R.C. 4503.21 had occurred because the cover was "[t]inted enough that it hindered * * * a reasonable view of the license plate."

### *Law and Analysis*

{¶6} In its sole assignment of error, the state argues that Officer Kemper lawfully stopped Brown's vehicle because he reasonably believed that the temporary license plate was in violation of the Ohio traffic laws due to the fact that the tinted license plate cover rendered the plate unreadable beyond one car length of the vehicle.

{¶7} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. On appeal, we must accept the trial court's factual findings as true if they are supported by competent, credible evidence. *Id.* Accepting these facts as true, we must then independently determine whether the facts meet the applicable legal standard. *Id.*

{¶8} The Fourth Amendment protects against unreasonable searches and seizures. A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. *State v. Slaughter*, 1st Dist. Hamilton Nos. C-170110, C-170111 and C-170112, 2018-Ohio-105, ¶ 10, citing *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Thus, any traffic stop must comply with the Fourth Amendment's reasonableness requirement. *Id.*

{¶9} A traffic stop is reasonable where the officer has probable cause to believe that a traffic violation has occurred. *Id.* "A police officer's observation of a traffic offense, however minor, constitutes probable cause for such a traffic stop." *State v. Johnson*, 1st Dist. Hamilton Nos. C-010621 and C-010622, 2002-Ohio-2884, ¶ 7.

3

{**¶10**} However, probable cause is not always required to justify a traffic stop. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23. "A traffic stop may be based on less than probable cause when an officer possesses reasonable suspicion that a driver has committed, or is committing a crime, including a minor traffic violation." *Slaughter* at ¶ 11. If a reasonable articulable suspicion exists, the officer may conduct an investigatory stop in order to confirm or refute his suspicion. *State v. Howell*, 2018-Ohio-591, 106 N.E.3d 337, ¶ 11-12 (1st Dist.).

{**¶11**} To determine whether an officer possessed probable cause or reasonable suspicion to stop a vehicle, the court must examine the totality of the circumstances. *Id.* at ¶ 12. "The existence of probable cause [or reasonable suspicion] depends on whether an objectively reasonable police officer would believe that the driver's conduct constituted a traffic violation." *Id.*, quoting *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, ¶ 16.

{**¶12**} The state argues that the trial court improperly applied the more stringent probable-cause standard rather than the reasonable-suspicion standard. However, it is clear from the trial court's decision that it analyzed the case under both standards. The trial court properly determined that it ultimately must view the case "from the standpoint of an objectively reasonable police officer" and determine whether the stop was reasonable "under the totality of the circumstances."

{**¶13**} In this case, Kemper stopped Brown's vehicle for a suspected violation of R.C. 4503.21, which provides: "No temporary license placard * * * shall be covered by any material that obstructs its visibility." The state argues that Kemper reasonably believed Brown violated R.C. 4503.21 because the term "obstructs" means to make the visibility of the placard more difficult. To the contrary, Brown argues

4

that he could not have violated R.C. 4503.21 because the term "obstructs" means to cut off visibility, as opposed to hinder visibility. However, we are not required to make such a determination in this case.

{¶14} The proper test is not whether a traffic violation occurred, but whether the officer's belief that a violation occurred was objectively reasonable. *See, e.g., State v. Kirkpatrick*, 2017-Ohio-7629, 97 N.E.3d 871, ¶ 6 (1st Dist.), citing *Heien v. North Carolina*, 574 U.S. 54, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014) ("A police officer's objectively reasonable belief that a traffic violation has occurred, including reasonable mistakes of law, can constitute reasonable suspicion to justify a traffic stop."); *State v. Cronin*, 1st Dist. Hamilton No. C-100266, 2011-Ohio-1479, ¶ 11 ("Probable cause can exist even if the officer incorrectly determines that a traffic violation has occurred or if the officer misunderstands the law that the driver is allegedly violating."). "The fact that a defendant could not ultimately be convicted of [the traffic offense] is not determinative of whether an officer acted reasonably in stopping him for that offense." *Id.* at ¶ 12.

{¶15} Tinted license plate covers are not a per se violation of the Ohio traffic laws. Therefore, the trial court was tasked with determining whether Kemper's belief that Brown's temporary license placard violated R.C. 4503.21 was objectively reasonable.

{¶16} In this case, the trial court found no credible evidence of obstruction prior to the traffic stop. In its decision, the court found that the tinted license plate cover was not coated with dirt, road salt, mud, or debris; the weather was clear; and the sun was shining. The court further found that Brown's license plate characters were ascertainable from Kemper's vehicle. In fact, according to Kemper's own testimony, he could clearly read all of the relevant information on Brown's license plate while stopped

behind him at the traffic light. Based on the totality of the circumstances, the trial court ultimately found that "Kemper's testimony that the cover was 'tinted enough that it hindered [his] view and [he] felt that it was clearly in [his] opinion obstructing a reasonable view of the license plate' is problematic because it is clearly inconsistent with the evidence." Thus, regarding Kemper's hindered view of Brown's temporary license plate, the trial court found this testimony lacked credibility and it did not believe that Kemper observed a violation of R.C. 4503.21.

{¶17} The state challenges the trial court's factual findings and argues that the court erroneously relied on four photographs of the covered plate that were admitted into evidence at the suppression hearing. We disagree.

{¶18} On cross-examination, defense counsel showed Kemper four photographs of a covered license plate—one taken by Kemper and three taken by Brown. With respect to the first photograph, Kemper agreed that he took it at the time of the stop, but stated that the sunlight in the photograph was different from the sunlight on which he based the traffic stop. He testified, however, that it was an "unchanged" representation of the license plate cover. With respect to the other photographs, Kemper agreed that they appeared to be of Brown's vehicle "based on the damage [to the back of the vehicle]." A review of the photographs demonstrates an identifiable disfigurement of the trunk of Brown's vehicle. The trial court found that "[d]espite the plate cover itself not being before the court for consideration, the admitted photographs provide a clear depiction of the tag and plate cover on the day of the stop." After a thorough review of the record and testimony in this case, we find that the court's findings were supported by competent, credible evidence.

{¶19} Where the trial court found no credible evidence of obstruction, we cannot find that an objectively reasonable police officer would have believed that a

violation of R.C. 4503.21 had occurred. Consequently, we hold that Kemper's belief that Brown's temporary license placard was obstructed was not objectively reasonable, and thus, Kemper lacked probable cause or a reasonable suspicion to stop Brown's vehicle.

### *Conclusion*

{¶20} The state's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.