[Cite as *State v. Davis*, 2025-Ohio-2322.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| JUSTIN DAVIS | Case No. 2024 CA 0070 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Richland County Court of
Common Pleas, Case No. 2023 CR 888R

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 27, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE M. SCHUMACHER                RANDELL E. FRY
Prosecuting Attorney                       90 Darby Drive
Richland County, Ohio                       Lexington, Ohio 44904

MEGAN HOBART
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Justin Davis appeals his convictions and sentence entered by the Richland County Court of Common Pleas, on one count of improperly handling firearms in a motor vehicle and two counts of operating a motor vehicle under the influence of alcohol or drugs, after his no contest plea following the trial court's denial of his motion to suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On December 11, 2023, the Richland County Grand Jury indicted Appellant on one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(D)(1) and (I), a felony of the fifth degree, with an attendant forfeiture specification (Count One); one count of operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(c), an unclassified misdemeanor (Count Two); and one count of operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(f) and (G)(1)(c), an unclassified misdemeanor (Count Three). Appellant appeared for arraignment on December 18, 2023, and entered a plea of not guilty to the Indictment. The trial court appointed Attorney Terry Hitchman to represent Appellant. Appellant was released on his own recognizance under pretrial release supervision.

{¶3} The trial court scheduled a change of plea hearing for March 13, 2024, but Appellant refused to change his plea. On March 18, 2024, Attorney Hitchman filed a motion to withdraw. The trial court granted Attorney Hitchman's motion to withdraw and appointed Attorney Byron Corley to represent Appellant. Upon Attorney Corley's motion,

the trial court rescheduled the jury trial until May 6, 2024. The jury trial was continued to allow Appellant to file a motion to suppress.

{¶4} Appellant filed a motion to suppress on May 7, 2024. Therein, Appellant argued the stop of his vehicle was constitutionally invalid as the officer did not have a reasonable and articulable suspicion Appellant had committed a traffic offense. The trial court conducted a suppression hearing on July 12, 2024.

{¶5} Trooper Jesse Hoffer, a sergeant with the Ohio State Highway Patrol, testified he was on routine patrol during the midnight shift on September 5, 2023, when he observed a black Nissan traveling southbound on State Route 13 in Mansfield, Richland County, Ohio. Trooper Hoffer stated, as the vehicle approached, it appeared to be traveling over the posted speed limit. Trooper Hoffer was unable to get a speed check on the vehicle, but as it passed, the driver, who was subsequently identified as Appellant, applied the brakes. When Appellant released the brakes, Trooper Hoffer observed the rear license plate light was not illuminated. Trooper Hoffer pulled behind the vehicle and activated his overhead lights. Appellant switched on his hazard lights, turned right onto Hanley Road, and pulled into a BP gas station.

{¶6} When Trooper Hoffer made contact with Appellant, he noticed Appellant displayed several indicators of impairment. Trooper Hoffer detected a strong odor of alcohol, but was unable to determine whether the odor was emanating from Appellant's person or the inside of the vehicle. The trooper also observed Appellant's eyes were glassy and bloodshot and his speech was slurred. Trooper Hoffer asked Appellant if he had any weapons inside the vehicle or on his person, and Appellant indicated he had a firearm. Trooper Hoffer spotted the butt of a pistol protruding between the driver's seat

and the center console. Trooper Hoffer recalled Appellant appeared confused when answering questions.

{¶7} Trooper Hoffer instructed Appellant to exit the vehicle. Appellant refused to perform the field sobriety tests and refused a breath test. The trooper sought and obtained a search warrant for a sample of Appellant's blood. Appellant was subsequently arrested.

{¶8} The State further questioned Trooper Hoffer regarding the basis for the stop of Appellant's vehicle. Trooper Hoffer stated he visually estimated Appellant's vehicle to be traveling over the posted speed limit of 55 miles/hour. As Appellant's vehicle passed the patrol car, Trooper Hoffer noticed the license plate light was malfunctioning. Trooper Hoffer added he was unable to read the license plate from a distance of up to fifty (50) feet due to the malfunctioning light. The video from Trooper Hoffer's dash cam was played for the trial court and admitted into evidence. Trooper Hoffer testified, "On the video, you can see his brake lights are on. It took a couple of seconds. He let off his brake, at which point it was clearly obvious that the license plate light was not functional." Transcript of July 12, 2024 Suppression Hearing at p. 12.

{¶9} Trooper Hoffer recalled, in addition to his cruiser headlights, he also used the cruiser spotlight, which illuminated the back of Appellant's vehicle. Appellant stopped his vehicle near a gas pump at the BP station. Trooper Hoffer explained all of these lights illuminated Appellant's license plate, however, the license plate light was not working as he approached the vehicle.

{¶10} Via Judgment Entry issued July 16, 2024, the trial court overruled Appellant's motion to suppress. The trial court found Trooper Hoffer's testimony to be credible and concluded the trooper had probable cause to stop Appellant's vehicle.

{¶11} On July 22, 2024, following the denial of his motion to suppress, Appellant pled no contest to one count of improperly handling firearms in a motor vehicle and two (2) counts of operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them.  The trial court accepted Appellant's plea and found him guilty. The trial court ordered a pre-sentence investigation.  At sentencing on August 21, 2024, the trial court merged Counts Two and Three for sentencing purposes, imposed a term of sixty (60) days in Richland County Jail on Count Three, and placed Appellant on community control for a period of thirty-six (36) months on Count One. The trial court also ordered the forfeiture of Appellant's Ruger pistol. The trial court memorialized Appellant's convictions and sentence in a Sentencing Entry filed August 23, 2024.

{¶12} It is from this entry Appellant appeals, raising the following assignment of error:


THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS.


*Standard of Review*

{¶13} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve

questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328 (4th Dist. 1998). However, once this Court has accepted those facts as true, we must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706 (4th Dist. 1997). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas v. United States,* 517 U.S. 690 (1996). Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698.

I

**{¶14}** Because a traffic stop constitutes a seizure within the meaning of the Fourth Amendment to the United States Constitution, the traffic stop must comply with the Fourth Amendment's reasonableness requirement. *State v. Slaughter*, 2018-Ohio-105, ¶ 10 (1st Dist.), citing *Whren v. United States*, 517 U.S. 806, 809–810 (1996). A traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has a reasonable, articulable suspicion a traffic or equipment violation has occurred or is occurring. *City of Dayton v. Erickson,* 76 Ohio St.3d 3, 11 (1996).

**{¶15}** When an officer witnesses a specific violation of the traffic code, a stop of the vehicle in which the violation is committed is supported by probable cause. *State v. Johnson*, 2002-Ohio-2884, ¶ 7 (1st Dist.). Even in the absence of probable cause, "an officer may initiate a traffic stop when the officer has a reasonable articulable suspicion

that a crime has been, or is being, committed." *State v. Howell*, 2018-Ohio-591, ¶ 15 (1st Dist.), citing *State v. Foster*, 2017-Ohio-4036, ¶ 16, (1st Dist.), citing *State v. Mays*, 2008-Ohio-4539, ¶ 7. An investigatory traffic stop is permitted in such a situation in order for the officer to confirm or refute her or his suspicion. *Johnson* at ¶ 6. The totality of the circumstances must be examined to determine whether an officer had a reasonable articulable suspicion to initiate a traffic stop. *Slaughter* at ¶ 12.

{¶16} Trooper Hoffer stopped Appellant for operating his vehicle without the requisite white taillights to illuminate his rear license plate, as mandated by R.C. 4513.05(A).[1]  At the suppression hearing, Trooper Hoffer testified he observed Appellant's vehicle traveling southbound on State Route 13, and the vehicle appeared to be traveling over the posted speed limit.  Trooper Hoffer was unable to get a speed check on the vehicle.  As the vehicle passed, Appellant applied the brakes.  When Appellant released the brakes, Trooper Hoffer noticed the rear license plate light was not illuminated. Thereafter, Trooper Hoffer initiated a stop of Appellant's vehicle. Footage from the dash camera and the body camera was played at the suppression hearing.

{¶17} In its July 16, 2024 judgment entry overruling Appellant's motion to suppress, the trial court found there was probable cause for the stop.  In reaching its decision, the trial court "considered the testimony of Sgt. Jesse Hoffer of the Ohio State Highway Patrol and [reviewed] both the dash camera footage and body camera footage. July 16, 2024 Judgment Entry Overruling Defendant's Motion to Suppress at p. 1, unpaginated.  The trial court expressly found Trooper Hoffer's testimony to be credible

---

[1] R.C. 4513.05 provides, in relevant part: "Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear." R.C. 4513.05(A).

and reliable. The trial court acknowledged the video footage was inconclusive due to cruiser headlights projecting onto the back of Appellant's vehicle and the well-lit gas station at which the stop occurred; "[t]herefore, the Court has to rely on the testimony to determine if there was probable cause for the stop." *Id.* at p. 2, unpaginated. The trial court concluded because it found "Sgt. Hoffer's testimony to be credible and because no other testimony was offered, * * * there was probable cause for the traffic stop." *Id.*

{¶18} In his motion to suppress, Appellant argued the license plate light on his vehicle was in working order; therefore, the stop was invalid. Appellant submits the only evidence presented was Trooper Hoffer's testimony he could see the license plate light was not functioning. "Appellant contends the burden of proof is on the State of Ohio to prove that there was probable cause for the stop and that Trooper Hoffer's testimony alone [was] not enough to show probable cause for the stop." Brief of Appellant at p. 14.

{¶19} Assuming, arguendo, Appellant's license plate light was functioning, we, nonetheless, find, at the time, Trooper Hoffer reasonably believed there was a violation of R.C. 4513.05. Trooper Hoffer testified he noticed the license plate light was malfunctioning and he was unable to read the license plate from a distance of up to fifty (50) feet due to the malfunction. "Probable cause can exist even if the officer incorrectly determines that a traffic violation has occurred or if the officer misunderstands the law that the driver is allegedly violating. The test is whether an objectively reasonable police officer would believe that a traffic violation has occurred based upon the totality of the circumstances." *Howell*, 2018-Ohio 591 at ¶ 15, citing *State v. Cronin*, 2011-Ohio-1479, ¶ 11 (1st Dist.) We find an objectively reasonable police officer would have believed a

violation of R.C. 4513.05, had occurred in this situation. We further find Trooper Hoffer's testimony alone was sufficient to establish probable cause.

{¶20} Based upon the foregoing, we find the trial court did not err in overruling Appellant's motion to suppress based upon its finding Trooper Hoffer had probable cause to initiate the traffic stop.

{¶21} Appellant's sole assignment of error is overruled.

{¶22} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

King, P.J. and

Popham, J. concur